STUBBS *v.* STUBBS.

1. DIVORCE—DECREE IN ANOTHER STATE—COLLECTION OF ALIMONY IN THIS STATE—STATUTES.

    The purpose of statute permitting recovery in an action at law in this State of alimony awarded under a decree in another State in divorce proceedings in which defendant therein was personally served with process was to provide a remedy under the law of this State for moneys adjudicated as due in proceedings in a sister State and a decree of divorce rendered in another State is, thereunder, complete and final and entitled to full faith and credit by courts of this State (U. S. Const., art. 4, § 1; 3 Comp. Laws 1929, §§ 12770–12772).

2. SAME—FOREIGN DECREE—ACTION FOR ALIMONY IN THIS STATE—STATUTES.

    In action to recover sum of alimony due under decree of divorce rendered in another State, brought under statute permitting defendant to show in defense or for stay of proceedings that application had been made in the other State for reduction or further order, recovery is allowed where no showing has been made that such application has been made nor any reason given why proceedings in this State should be stayed (3 Comp. Laws 1929, §§ 12770–12772).

Appeal from Wayne; Toms (Robert M.), J. Submitted June 9, 1939. (Docket No. 59, Calendar No. 40,591.) Decided October 20, 1939.

Assumpsit by Elsie Stubbs against Frank S. Stubbs for sums due under a decree of divorce granted in New York. Judgment for plaintiff. Defendant appeals. Affirmed.

*Hill, Hamblen, Essery & Lewis* (*Charles C. Andrews,* of counsel), for plaintiff.

*Charles Bowles,* for defendant.

Sharpe, J. May 24, 1924, plaintiff was granted a final decree of divorce in the State of New York which contained an order that defendant pay $20 per week alimony. Plaintiff brings an action at law in Michigan for judgment for the amount owing on the decree. It is stipulated that the amount due and owing is the sum of $17,500. The trial court awarded plaintiff a judgment in the amount named.

Defendant appeals and contends that: First, under the New York statute, section 1170 of the Civil Practice Act enacted in 1920, as amended in 1925, the court which rendered the decree herein has the inherent power to annul, vary or modify said provision for alimony. Consequently, the same is not such a fixed and determined amount as is actionable at law. Second, under article 4, § 1, United States Constitution, the State of Michigan is bound to give full faith and credit, not only to the New York decree, but to its statutes, and under this rule, 3 Comp. Laws 1929, § 12770 (Stat. Ann. § 25.141), cannot be construed as giving an action at law in Michigan on a decree which was not actionable in New York.

Plaintiff's action is predicated upon Act No. 52, Pub. Acts 1911 (3 Comp. Laws 1929, §§ 12770–12772 [Stat. Ann. §§ 25.141–25.143]), which reads as follows:

"Section 1. In all cases where a decree for alimony has been rendered in another State in a case where the party against whom the decree was rendered was present in court or was personally served with process within the jurisdiction of the court, the alimony decreed upon the final hearing may be recovered in an action at law in this State, regardless of whether the same is decreed to be paid in one payment or in instalments from time to time.

"Sec. 2. If the defendant in this State shows that he has made proper application in the court of

the other State for a reduction or any further order in relation to the alimony in the courts of the other State, the court in this State may stay the proceedings in this State on such terms as it desires to impose.

"SEC. 3.    All judgments in such cases shall be stayed 60 days, and if during said term the defendant in this State presents satisfactory evidence of a change in the decree of the courts of the other State, the court may alter or amend its judgment as to it may seem proper and just."

The record in this case establishes the fact that defendant was served with process within the jurisdiction of the New York court in the divorce proceedings.    The purpose of the above act is to provide a remedy under the law of this State for moneys adjudicated as due in proceedings in a sister State. In *Gutowski* v. *Gutowski*, 266 Mich. 1, we held that under the above act, a decree of divorce rendered in another State awarding alimony is complete and final and is entitled to full faith and credit by courts of this State.

There is no showing that defendant has made application to the New York court for a reduction or further order in relation to the alimony past due, nor has any reason been given why the proceedings in this State should be stayed.

The judgment of the trial court is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.