RICHARDSON v. RICHARDSON.

1. FORCIBLE ENTRY AND DETAINER—NOTICE TO QUIT—OCCUPANCY
   AFTER JUDGMENT OF RESTITUTION.
   In suit by tenant to restrain execution of writ of restitution is-
   sued by circuit court, plaintiff's contention that she was en-
   titled to the statutory notice to quit because she occupied the
   premises some 11 weeks after entry of unappealed judgment of
   restitution before the writ was issued is not supported by
   record showing negotiations were then being had relative to
   an amicable settlement of the differences between the parties
   (3 Comp. Laws 1929, § 13492, as amended by Act No. 145,
   Pub. Acts 1935).

2. JUDGMENT—POSSESSORY PROCEEDINGS—APPEAL—COLLATERAL AT-
   TACK.
   Procedural or statutory defects in possessory proceedings must
   be attacked by way of appeal from judgment given therein
   and are not open to collateral attack.

3. ACTION—CONDITIONS AT TIME OF COMMENCEMENT.
   Conditions existing at the time of the commencement of a legal
   action govern the rights of the parties thereto.

4. LANDLORD AND TENANT—RENT REGULATION—EVICTION PROCEED-
   INGS.
   Rent regulation of office of price administration which was not
   in effect at time of commencement of eviction proceedings nor
   when judgment of restitution therein was rendered by circuit
   court commissioner and which regulation by its terms did not
   affect actions commenced or judgments entered prior to its
   effective date was not applicable so as to prevent execution of
   writ of restitution issued after such regulation became effec-
   tive (Maximum Rent Regulation No. 11, 7 F. R. 4072, 4075).

Appeal from Washtenaw; Sample (George W.), J.
Submitted May 10, 1944. (Docket No. 74, Calendar
No. 42,733.) Decided September 11, 1944. Rehear-
ing denied December 1, 1944. Certiorari denied by
Supreme Court of the United States April 2, 1945.

Bill by Lucille Richardson against Joseph H. Richardson and wife to restrain enforcement of writ of restitution.   Decree for defendants.   Plaintiff appeals.   Affirmed.

*Bledsoe & Simmons,* for plaintiff.

*Jacob F. Fahrner,* for defendants.

BUSHNELL, J.   Plaintiff Lucille Richardson, with her husband, Samuel A. Richardson, for some years occupied, as a residence and also for business purposes, premises in the city of Ypsilanti, owned by her father-in-law and mother-in-law, defendants Joseph H. Richardson and Harriet Richardson.

On June 23, 1941, defendants instituted an action before a circuit court commissioner to recover possession of the premises.   A stipulation in the record states that the original judgment for restitution was entered by the circuit court commissioner on February 19, 1942, from which an appeal was taken, and a like judgment was entered in the circuit court for the county of Washtenaw on December 17, 1942, which judgment is still in full force and effect.   On March 4, 1943, a writ of restitution was issued by the circuit court.   On March 12, 1943, plaintiff filed a bill of complaint in which she sought to restrain the execution of the writ, on the ground that defendants had not complied with the regulations pertaining to the so-called rent control act,* promulgated by the office of price administration, which regulations became applicable to Washtenaw county on July 1, 1942.   Plaintiff also claimed that no statutory notice to quit had been given prior to the issuance of the writ of restitution of March 4, 1943.

On appeal from an order denying an injunction, plaintiff argues that she was entitled to the statu-

---

* See 50 USCA, § 901 *et seq.*—REPORTER.

tory notice to quit because she became a tenant at will subsequent to the entry of the judgment of restitution when defendants tacitly consented to her continued tenancy, and that if she is not a tenant at will, she at least occupies the premises by sufferance and, in either event, she was entitled to such statutory notice prior to the issuance of the present writ of restitution. See 3 Comp. Laws 1929, § 13492, as amended by Act No. 145, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 13492, Stat. Ann. § 26.1104), and 3 Comp. Laws 1929, § 14975 (Stat. Ann. § 27.1986).

The testimony does not support plaintiff's contention. On the contrary, it indicates that, during the period in which plaintiff claimed such tenancy, negotiations were being had relative to an amicable settlement of the differences between the parties. If, as it is now claimed, there were any procedural or statutory defects in the possessory proceedings, an appeal should have been taken from that judgment and it cannot now be attacked collaterally.

The O.P.A. rent regulation, designated as maximum rent regulation No. 11, became applicable to Washtenaw county on July 1, 1942. That regulation reads as follows:

"At the time of commencing any action to remove or evict a tenant (except an action based on nonpayment of a rent not in excess of the maximum rent) the landlord shall give written notice thereof to the area rent office stating the title and number of the case, the court in which it is filed, the name and address of the tenant and the grounds on which eviction is sought." (7 F. R. 4072, 4075.)

This regulation was not in effect in Washtenaw county at the time the action was begun before the circuit court commissioner; nor was it in effect when a judgment was entered by the commissioner on February 19, 1942, and it is not applicable to the

situation in the instant case, for the reason stated in *Home Owners' Loan Corp.* v. *City of Detroit,* 292 Mich. 511, where the court, in referring to an act which provided a lien for water furnished by municipalities, said:

"The act cannot be considered in our determination of the matters now in controversy, it having been enacted subsequent to the filing of plaintiff's bill of complaint."

It is a well-established rule that conditions existing at the time of the commencement of a legal action will govern. As said in *Black* v. *Spears,* 209 Mich. 1, in discussing section 9 of the statute of limitations of actions, which reads:

" 'All actions and rights shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions or right or entry.' 3 Comp. Laws 1929, § 13972 (Stat. Ann. § 27.601).

"This is a general provision and in our opinion affects *all actions* whether personal or involving real estate."

The O.P.A. rent regulation, by its very terms, does not affect actions commenced and judgments entered prior to its effective date.

The order of the circuit court is affirmed, with costs to appellees.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.