SERAFINSKI v. RIEG.

1. JUDGMENT—COLLATERAL ATTACK—LAND CONTRACT FORFEITURE—
   EQUITY.
   Purchasers under land contract, who made their monthly pay-
   ments thereunder irregularly, ignored duly-served summons in
   land contract forfeiture proceeding and took no appeal from
   judgment entered therein, could not make collateral attack
   upon such judgment nearly a year later by an equitable pro-
   ceeding for accounting, to declare themselves owners, and to
   declare the forfeiture proceeding a nullity (3 Comp. Laws
   1929, § 14987, as amended by Act No. 166, Pub. Acts 1943).

2. COSTS—COLLATERAL ATTACK UPON IRREGULAR PROCEEDINGS. .
   No costs are allowed on affirmance of decree in equity suit
   wherein plaintiffs sought to make a collateral attack upon
   judgment entered in land contract forfeiture proceedings
   which were irregular in part.

Appeal from Wayne; Brennan (John V.), J. Sub-
mitted January 14, 1947. (Docket No. 30, Calendar
No. 43,554.) Decided April 17, 1947.

Bill by Joseph Serafinski and wife against John B.
Rieg and others to set aside summary proceedings
and certain deeds and to have plaintiffs declared
owners of real estate. Decree for defendants. Plain-
tiffs appeal. Affirmed.

*Gould & Colman* (*Louis Rosenzweig,* of counsel),
for plaintiffs.

*James Gibbons,* for defendants.

BUSHNELL, J. On May 27, 1939, plaintiffs Joseph
Serafinski and Mary Serafinski, his wife, purchased

Generally, a party to an action at the time of rendition of a valid
judgment therein is bound by and entitled to the benefits of the rules
of *res judicata,* see Restatement, Judgments, § 79.

a two-family dwelling at 26 E. James street, River Rouge, Michigan, on a land contract from defendant John B. Rieg. The purchase price was $2,500, of which $100 was paid at the time the contract was executed, and the balance was to be paid in monthly instalments of $25. Payments were irregularly made under the contract until November 14, 1940, to the River Rouge Savings Bank.

Defendant Leonard Westerdale owned the adjacent property at 28 E. James street, which he rented to tenants. In October of 1940, while Westerdale's property was vacant and he was making repairs thereon, he discussed with Mrs. Serafinski the possibility of purchasing their home. He was informed that they had about a $200 equity in the contract, and had made improvements on the property amounting to about $600. However, no agreement was reached regarding a sale.

After making the November payment on their contract the Serafinskis moved to 15000 Mack avenue, Grosse Pointe, in order to be nearer Serafinski's place of employment. Some of their household effects were taken to Mack avenue and the remainder were left at the James street house. Several days later, when Mrs. Serafinski returned, she found that the downstairs front door had been removed from its hinges and was leaning against the wall. When she tried to go upstairs she found the lock had been changed on that door. While she was examining the premises, Westerdale appeared and informed her that he had purchased the property from Rieg. Mrs. Serafinski then complained to the police regarding Westerdale's actions and was advised to consult an attorney. Westerdale was informed not to further trespass on the premises. Mrs. Serafinski then placed a "For Rent" card on the property, giving her Mack avenue ad-

dress and telephone number. Upon her return to the premises the following Sunday, she found that both flats were occupied by tenants who claimed to have rented them from Westerdale. Finally, an arrangement was made whereby Westerdale would collect the rentals and turn them over to the Serafinskis. The upstairs tenant moved out early in January and the downstairs tenant also moved out several weeks later. The Serafinskis then put up another rental sign, giving their new address in Wyandotte.

In December of 1940, Mrs. Serafinski borrowed money from her brother-in-law and attempted to pay the land contract arrearage to the River Rouge Savings Bank, but this tender was refused.

On April 10, 1941, Rieg conveyed the property to Westerdale and wife, by warranty deed, "subject to any land contracts issued and outstanding." This conveyance was antedated by an option previously given by Rieg on November 26, 1940, in which he agreed to sell for the sum of $1,150.

The record before us contains File No. 547–628 of the circuit court commissioner's court, Wayne county, covering a land contract forfeiture proceeding commenced by Rieg against the Serafinskis on February 4, 1941. Included therein is a "return of service on summons," signed by Russell Con, a constable, showing service of process upon Joseph Serafinski and Mary Serafinski at 907 Cherry street, Wyandotte, on February 11, 1941. On the return date of the summons, February 25, 1941, neither defendant was present, and a judgment was rendered for restitution of the premises. The amounts shown at this trial, as due, were principal, $2,243.52, interest, $79.48, and costs, $7.84.

The circuit court action, with which we are primarily concerned, was begun by the Serafinskis on

January 8, 1942.   They sought equitable relief by way of an accounting as to rents and profits, a decree determining them to be the owners of the property in question, and declaring the circuit court commissioner's proceeding a nullity.   Plaintiffs also sought both the cancellation of the deed from Rieg to the Westerdales and the mortgage given by the Westerdales to the River Rouge bank.

Considerable testimony was taken with reference to a claimed conspiracy between the defendants to unlawfully deprive plaintiffs of their property rights.   The trial judge filed a written opinion in which he held that practically every term of the land contract in question had been breached by the plaintiffs; that no fraud had been established, nor was any accident or mistake proven.   He further found, "as an issue of fact, that the conduct of the plaintiffs shows that there was an acquiescence in and abandonment of the premises."   No equitable ground of relief having been established, plaintiffs' bill of complaint was dismissed.

Notwithstanding plaintiffs' contention that there are sufficient irregularities in the circuit court commissioner's case to justify equitable intervention, the fact remains that, on the face of the record, they had notice of the pendency of that proceeding.   They deliberately chose to ignore the summons that was served upon them and did not appear.   Nor did they take any appeal from the judgment entered in that cause.   3 Comp. Laws 1929, § 14987, as amended by Act No. 166, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 14987, Stat. Ann. 1946 Cum. Supp. § 27.1998). A collateral attack upon those proceedings almost one year thereafter, such as is made here, cannot, on the face of this record, be sustained.   *Richardson* v. *Richardson,* 309 Mich. 336.   The testimony does not establish any ground for equitable relief.

In essence, the instant action is a collateral attack upon an adjudicated matter, *i.e.*, the validity of summary proceedings for forfeiture of a land contract. To utterly ignore these proceedings and have them held for naught in this action would frustrate, and even nullify, the intent of the statute with respect to summary proceedings. See 3 Comp. Laws 1929, § 14975 *et seq.* (Stat. Ann. § 27.1986 *et seq.*). We express no opinion upon the propriety of the acts of the defendant Westerdale. Nor do we place our stamp of approval upon all of the steps that were taken in the summary action.

The decree dismissing plaintiffs' bill of complaint is affirmed. In view of the facts disclosed in this record, no costs will be allowed.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.