CRUGHER *v.* BRAUN.

1. VENDOR AND PURCHASER—FORFEITURE OF LAND CONTRACT—DE-
TERMINATION OF AMOUNT DUE—STATUTES.

Determination of amount due in proceeding to forfeit a land
contract is an issue squarely before the circuit court commis-
sioner and is required to be determined, by him (3 Comp. Laws
1929, § 14797).

2. SAME—FORFEITURE OF LAND CONTRACT—DETERMINATION OF
AMOUNT DUE—REVIEW.

Remedy of party claiming error in circuit court commissioner's
determination of amount due under forfeited land contract is
by way of statutory appeal to circuit court from such deter-
mination in the absence of fraud or other irregularity in the
proceeding (3 Comp. Laws 1929, § 14987, as amended by Act
No. 166, Pub. Acts 1943; § 16224, as amended by Act No. 191,
Pub. Acts 1947).

3. JUDGMENT—RES JUDICATA—DETERMINATION OF AMOUNT DUE UN-
DER FORFEITED LAND CONTRACT.

The unappealed determination of the circuit court commissioner
as to amount due under a forfeited land contract is *res judi-
cata* of the amount required to be paid by the purchaser in
order to redeem, and cannot be attacked in equity (3 Comp.
Laws 1929, § 14797).

4. EQUITY—BREVITY OF TIME WITHIN WHICH TO APPEAL.

Fact that only five days is allowed within which to appeal from
the judgment of a circuit court commissioner in proceeding to
forfeit a land contract does not constitute ground for equitable
relief (3 Comp. Laws 1929, § 14987, as amended by Act No.
166, Pub. Acts 1943; § 16224, as amended by Act No. 191,
Pub. Acts 1947).

5. APPEAL AND ERROR—REMAND—DETERMINATION OF DAMAGES TO
    VENDOR UNDER FORFEITED LAND CONTRACT.

> Where defendants in proceeding to forfeit a land contract did
> not take an appeal from the circuit court commissioner's deter-
> mination that entire unpaid balance and unpaid taxes were due,
> instead of merely the delinquent instalments and taxes, but
> sought relief by way of equitable proceedings against vendors,
> upon affirmance of decree, cause is remanded to circuit court for
> determination of vendor's damages in accordance with statute
> (3 Comp. Laws 1929, § 14356; § 14987, as amended by Act
> No. 166, Pub. Acts 1943; § 16224, as amended by Act No.
> 191, Pub. Acts 1947).

Appeal from Shiawassee; Elliott (Philip), J., pre-
siding.  Submitted October 6, 1948.  (Docket No.
33, Calendar No. 44,181.)  Decided November 12,
1948.

Bill by James A. Crugher and wife against V. O.
Braun and wife and another to restrain issuance
of writ of restitution.  Bill dismissed.  Plaintiffs
appeal.  Affirmed.

*Wilson & O'Brien,* for plaintiffs.

*Kenneth B. Kelly,* for defendants.

DETHMERS, J.  Defendants sold a farm to plain-
tiffs on a written land contract containing accelera-
tion and forfeiture clauses.  Plaintiffs defaulted as
to the monthly instalments, taxes and insurance
premiums required by the contract to be paid by
them.  Defendants thereupon exercised their option
under the acceleration clause to declare the entire
unpaid balance of the contract due and payable
forthwith notwithstanding that the period limited
in the contract for payment of the balance had not
yet expired, declared the contract forfeited, and
brought summary proceedings before a circuit court
commissioner to recover possession of the land.  The

commissioner rendered a judgment of restitution and, it having been claimed that the vendors were entitled to possession of the premises in consequence of the nonpayment of a sum due them as purchase money under the contract, the commissioner, in addition, as required by 3 Comp. Laws 1929, § 14979 (Stat. Ann. § 27.1990), determined and caused to be stated in said judgment the amount thus due. The amount so found by the commissioner to be due included the entire unpaid balance of the contract on the theory that it had become due by reason of the election of the vendors to declare it so under the acceleration clause. No appeal was taken from the judgment as permitted within 5 days thereof by 3 Comp. Laws 1929, § 14987, as amended by Act No. 166, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 14987, Stat. Ann. 1947 Cum. Supp. § 27.1998); 3 Comp. Laws 1929, § 16224, as amended by Act No. 191, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 27.3482).

Within the 90-day redemption period allowed by 3 Comp. Laws 1929, § 14988, as amended by Act No. 122, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 14988, Stat. Ann. § 27.1999), plaintiffs herein tendered to the commissioner and offered to defendants the amount of delinquent instalments and taxes, but never the full unpaid balance of the contract and taxes as found by the commissioner to be due. The tender and offer were refused. At the expiration of the redemption period the commissioner issued a writ of restitution. Plaintiffs thereupon filed their bill in equity praying that the commissioner's judgment be vacated and that defendants be enjoined from securing a writ of restitution or from interfering in any manner with plaintiffs' peaceable use and enjoyment of the premises, alleging as a basis therefor that the commissioner was without authority to determine the entire unpaid balance of the

contract purchase price to be the amount then due defendants; that he should have determined the amount thus due to be the total of delinquent instalments and taxes due prior to defendants' invoking the provisions of the acceleration clause; that plaintiffs had made a tender in such amount.

On defendants' motion a decree was entered dissolving the temporary injunction theretofore issued and dismissing plaintiffs' bill of complaint for failure to state a cause of action in that it conclusively appeared therefrom that plaintiffs had an adequate remedy at law in the nature of an appeal from the commissioner's judgment and because the commissioner's judgment was proper and in accord with law. Plaintiffs appeal.

The bill alleges no fraud nor is the regularity of the proceedings before the commissioner challenged, except for his determination of the amount due. The latter was an issue squarely before the commissioner under the statute requiring his determination thereof. If plaintiffs considered his judgment in that respect erroneous or not in accord with their lawful rights and conceived themselves aggrieved thereby, they were afforded by statute the remedy of appeal to the circuit court for determination of that, the only question raised in these proceedings. Such course not having been pursued, the judgment of the commissioner is *res judicata* of the question of the amount required to be paid by plaintiffs in order to redeem and cannot be attacked in equity. *Reid* v. *Gooden,* 282 Mich. 495; *Richardson* v. *Richardson,* 309 Mich. 336; *Serafinski* v. *Rieg,* 317 Mich. 534. Plaintiffs urge that equity will relieve against a judgment rendered by a court of law without jurisdiction and that the commissioner was without jurisdiction to determine the entire unpaid balance of the contract due in accord with the terms of the acceleration clause. The statute requires the com-

missioner to determine the amount due and no limitation is imposed upon his jurisdiction in that regard. Plaintiffs mistake the question as being one of the commissioner's jurisdiction, while it is, in reality, a question of how much was due defendants under the contract and applicable law. An error in the determination of the amount due may be urged on appeal therefrom and not by attack in a suit in equity. Nor does the fact that the law allows but 5 days within which to appeal from the commissioner's judgment, thus imposing upon vendees the burden of speedily ascertaining the terms of the judgment and proceeding thereafter with dispatch, constitute grounds for equitable relief.

The decree is affirmed, with costs of both courts to defendants, and the cause remanded to the circuit court for determination of defendants' damages in accord with the provisions of 3 Comp. Laws 1929, § 14356 (Stat. Ann. § 27.1124).

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.