BROOKS v. MICHOS.

1. QUIETING TITLE—PLAINTIFF IN POSSESSION.

When plaintiff is in possession of premises, the title to which is in dispute, plaintiff may maintain an equitable suit to quiet title.

2. EJECTMENT—TRESPASS—DEFENDANT IN POSSESSION.

When defendant is in possession of premises, the title to which is claimed by plaintiff, the latter's remedy, in the absence of other issues properly coming under some recognized head of equity jurisprudence, is in ejectment or trespass.

3. QUIETING TITLE—PRIMA FACIE CASE—POSSESSION OF ENTIRE NARROW STRIP BETWEEN CITY LOTS.

Where it was alleged and shown that defendant had attempted to build on a front 32-foot portion of a 95-foot strip 3 feet wide between plaintiffs' and defendant's property and that determination as to right to possession of such 32-foot portion would not settle the rights of the parties with respect to the remainder, a prima facie case for equitable relief to quiet title was presented (3 Comp. Laws 1929, § 13944).

Appeal from Washtenaw; Mosier (Carl D.), J., presiding. Submitted October 8, 1948. (Docket No. 71, Calendar No. 44,205.) Decided December 17, 1948.

Bill by Daniel R. Brooks and wife against Anastasias G. Michos to quiet title to real estate. Decree for defendants. Plaintiff appeals. Reversed and remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am. Jur., Quieting Title, § 77.
[2, 3] 44 Am. Jur., Quieting Title, § 35.

*Cleary & Weins* (*Burke, Burke & Smith,* of counsel), for plaintiffs.

*John P. Kirk* (*Dickinson, Wright, Davis, McKean & Cudlip* and *Donald R. Flintermann,* of counsel), for defendant.

DETHMERS, J. Plaintiffs and defendant own adjacent lots. The location of the boundary line between the two lots is disputed by the parties, leaving ownership of a 3-foot strip in controversy. Defendant began construction of a building on his lot for which a trench was dug and footings poured extending, as plaintiffs claim, 3 feet over plaintiffs' side of the dividing line.

Plaintiffs filed a bill in chancery claiming ownership of the disputed 3-foot strip, alleging themselves to be in possession and that defendant was threatening to block their use thereof, and praying that they be decreed to be the owners and that defendant be restrained from interfering with plaintiffs' use thereof. Plaintiff Daniel Brooks testified that plaintiffs had been in possession of the strip, had placed broken concrete and gravel on it and built a driveway thereon; that defendant began construction on his lot and on the 3 feet of plaintiffs' property for a distance extending from the front of the lot about 32 feet back. The line between the parties runs 95 feet back from the street. As relates to that portion of the 3-foot strip lying back of the front 32 feet, it does not appear that defendant has in any manner encroached upon or taken possession thereof. Defendant's answer claims ownership of and alleges that he was in possession of the strip. No testimony was offered by the defendant. Based solely upon plaintiff Daniel Brooks' testimony concerning the building encroachment by defendant on the front 32 feet, the trial court concluded that defendant was

in possession of the entire 3-foot strip. The court was of the opinion that the case involves only the determination of a boundary line and that, with defendant in possession, plaintiffs had an adequate remedy at law in ejectment or trespass and therefore dismissed plaintiffs' bill of complaint. Plaintiffs appeal.

Defendant relies on *Warner* v. *Noble,* 286 Mich. 654, and cases therein cited, and on *Featherston* v. *Township of Pontiac,* 310 Mich. 129. These are cases in which the Court found that defendant was in possession. The general rule in these situations is, undoubtedly, that when plaintiff is in possession he may maintain an equitable action, but when defendant is in possession, in the absence of other issues properly coming under some recognized head of equity jurisprudence, plaintiff's remedy is in ejectment or trespass.

3 Comp. Laws 1929, § 13944 (Stat. Ann. § 27.545) provides in part as follows:

"Said circuit court in chancery shall also have jurisdiction and authority:    *    *    *

"4. To hear and determine suits instituted by any person claiming the legal or equitable title to lands, whether in possession or not, *against any other person not in possession,* setting up a claim thereto in opposition to the title claimed by the plaintiff: And, if the plaintiff shall establish his title to such lands, the defendant shall be decreed to release to the plaintiff all claims thereto."

Location of the dividing line between adjacent lots was in dispute in *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575. Plaintiff's bill alleged that she owned and was in possession of the disputed strip; that defendant was about to take possession thereof and build on the front portion, and running about 40 feet back, a cement coping and driveway. This Court held that the fact that defendant's workmen

had already commenced to remove turf to build the coping did not place defendant in possession and that, at all events, ejectment would not settle the rights of the parties to that portion of the disputed strip lying behind that on which defendant's workmen had encroached and that, therefore the door to equity was open to plaintiff.  This Court said, in part, as follows:

"The bill in this case sets out that complainant occupies the premises described in her bill, and has been in the full and complete possession thereof * * * that defendant is about to take possession of said disputed strip, and build on the front portion, and running about 40 feet back, a cement stone coping and cement or tar driveway; * * * that two men have commenced to remove the turf to build said coping, and will, unless enjoined, dispossess complainant. * * * By the case made by complainant below, it also appears that she is in possession, and that the remedy by ejectment was not open to her at the time of filing the bill, and it would appear, also, that an action of trespass, or even of ejectment, based upon the occupancy by defendant' of that portion of the land which he proposed to take for the driveway and coping, would not settle the right to the other portion of the disputed territory in the rear of the lot. * * * We think a prima facie case for equitable relief was made out by the bill."

We think the two cases so parallel that decision in the *Campbell Case* must be held to be controlling here.  A decree may enter in this Court reversing the order of the trial court dismissing plaintiffs' bill of complaint and remanding the cause for further proceedings thereon.  Costs to plaintiffs.

Bushnell, C. J., and Sharpe, Boyles, Reid, North, Butzel, and Carr, JJ., concurred.