## CRAWFORD v. HAMRICK.

1. EQUITY—JURISDICTION—TITLE TO LAND—POSSESSION.
    A bill in chancery will not lie in favor of a claimant to title who is not in possession as against defendant in actual possession under a claim of title (CL 1948, § 606.4).

2. SAME—TITLE TO LAND—POSSESSION—ADEQUACY OF REMEDY AT LAW.
    A party not in possession but claiming title as a basis for possession has an adequate remedy at law to establish title as against party in possession, if plaintiff can prove such title.

3. APPEAL AND ERROR—TITLE TO LAND—EJECTMENT OR TRESPASS—JURISDICTION.
    Decree dismissing bill praying that perfect title be decreed in plaintiffs as against claim of defendants now in possession is affirmed without prejudice to plaintiffs to bring ejectment or trespass, as the circuit court in chancery is without authority to determine such a suit (CL 1948, § 606.4).

Appeal from Huron; Des Jardins (George W.), J., presiding. Submitted April 14, 1950. (Docket No. 57, Calendar No. 44,719.) Decided May 18, 1950.

Bill by Francis C. Crawford and wife against Seymour K. Hamrick, Jr., and another to have decree that they are owners of certain real estate. Decree for defendants. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 44 Am Jur, Quieting Title, § 41.
[1–3] Right of one not in possession to maintain suit to remove cloud on title in case of fraud. 36 ALR 698.

*Crandell & Crandell,* for plaintiffs.

*Thomas R. McAllister* and *Arthur Axford,* for defendants.

REID, J.   Plaintiffs pray that they be decreed to have a perfect title to the land described in plaintiffs' bill of complaint, consisting of 1½ acres of land more or less, as against the claims of the defendants, who are in possession of the lands in question; that defendants' deed to the same land be held to be of no force or effect as against the plaintiffs; and that plaintiffs be granted a temporary restraining order restraining the defendants from encroaching or trespassing on the land involved.   From a decree for defendants, plaintiffs appeal.

The plaintiffs claim a reverter and claim to be owners in fee simple of the property in question, alleging that the plaintiff Francis C. Crawford acquired title as sole heir at law of his father, Charles Crawford, and that by the execution of additional deeds described in paragraph 2 of plaintiffs' bill of complaint, the plaintiffs became owners as tenants by the entireties.

Francis Crawford, grandfather of the plaintiff Francis C. Crawford, obtained title to the land in question on November 10, 1864, and conveyed it to the Pontiac, Oxford & Port Austin Railroad on July 12, 1883, by quitclaim deed, for a consideration of $1,200.   The following was contained in the deed, after the description:

"Provided that said lands hereby conveyed shall be used for the purpose of constructing and maintaining a railroad and the appurtenances thereto and for no other purpose whatever: * * * To have and to hold the said above granted premises to the said party of the second part and its assigns

for the uses herein expressed but for no other use forever."

On September 10, 1930, a petition to abandon the property for railroad purposes was filed with the interstate commerce commission; on September 17, 1930, the petition was granted and by July 14, 1931, the property was abandoned for railroad purposes.

The Grand Trunk Western Railway Company is successor to the Pontiac, Oxford & Port Austin Railroad and on July 12, 1946, conveyed the land in question by quitclaim deed (recorded August 3, 1946) to Seymour K. Hamrick, Jr., one of the defendants. The transaction was handled for the company by Jacob S. Lillie, in charge of the company's land and tax department for 31 years and the only person handling real estate matters for the company. Defendant Seymour K. Hamrick, agent of Seymour K. Hamrick, Jr., represented said grantee. The consideration was $100.

The defendants, soon after peaceably taking possession of the property in 1946, took up the foundations of the roundhouse, dredged out a boat well, placed a restaurant building on the premises, hauled dirt from the river and filled in the premises, landscaped the property, built an addition to the docks in the river and stoned the road.

No one interfered with the possession of the defendants until the commencement of this suit.

Plaintiffs never paid any taxes on the property. The defendants paid taxes from 1946 on the property. Plaintiffs admit that their only possession of the lands in question since the death of Charles Crawford, October 6, 1942, was through the possession of their licensee, George Beadle. Mr. Beadle was in the boat livery business. He testified he bought some land from Mr. and Mrs. Crawford (parents of plaintiff Francis C. Crawford) near to the

property in question; that in connection with the land he bought, he used some of the railroad property and "they told" him to go ahead and use the rest of it; that he paid no rent and had no lease and didn't know whether or not he was on railroad property. When he was ordered off the property in question, he conformed to defendants' demand in that particular without protest.

It clearly appears that when defendants obtained possession peaceably, in 1946, neither plaintiff Francis C. Crawford nor any ancestor of his in the title was making any claim to a right of possession.

Defendants since obtaining possession have remained in possession and have made valuable improvements.

A bill in chancery will not lie in favor of a claimant to title who is not in possession as against defendant in actual possession under a claim of title. See *Warner* v. *Noble,* 286 Mich 654; *Featherston* v. *Pontiac Township,* 310 Mich 129; *Brooks* v. *Michos,* 323 Mich 184.

Plaintiffs in this case have an adequate remedy at law to establish their title as against defendants, if plaintiffs can prove such title.

CL 1948, § 606.4 (Stat Ann § 27.545), is in part as follows:

"[The] circuit court in chancery shall also have jurisdiction and authority: * * *

"4. To hear and determine suits instituted by any person claiming the legal or equitable title to lands, whether in possession or not, against any other person *not in possession,* setting up a claim thereto in opposition to the title claimed by the plaintiff." (Italics supplied.)

This statute defines the authority of the chancery court in the instant case.

The trial court dismissed the bill. We affirm the decree dismissing the bill but without prejudice to

plaintiffs to bring ejectment or trespass. Costs to defendants.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.