RUDA v. AMERICAN SAVINGS & LOAN ASSOCIATION.

1. EQUITY—JURISDICTION—RESTORATION OF PROPERTY—POSSESSION.
   A bill in chancery did not lie in favor of mortgagors who have been dispossessed following mortgage foreclosure as against the mortgagee in actual possession under claim of title, even where some of the mortgagor's personal property remained in the premises (CL 1948, § 606.4).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 19 Am Jur, Equity § 162.
[2] 30A Am Jur, Judgments § 844 *et seq.*

2. Judgment—Circuit Court Commissioner—Collateral Attack—
   Equity.

Error, if any, in the judgment of eviction by a circuit court
commissioner is reviewable by appeal to the circuit court and
may not be attacked collaterally by dispossessed mortgagors
by bill in chancery for restoration of possession (CL 1948,
§ 606.4; CLS 1956, § 630.24).

3. Equity—Prejudice—Legal Remedies.

Bill to restore possession of mortgagors who were dispossessed
of premises following foreclosure of mortgage was properly
dismissed without prejudice to plaintiffs to pursue their legal
remedies in either ejectment or trespass (CL 1948, § 606.4).

Appeal from Oakland; Dondero (Stanton G.), J.
Submitted October 8, 1963. (Calendar No. 2, Docket
No. 50,185.) Decided December 2, 1963.

Bill by Abraham L. Ruda and Ruth Ruda against
American Savings & Loan Association, a Michigan
corporation, Herbert R. Radunz, and others, to com-
pel restoration to them of property after mortgage
foreclosure. Bill dismissed on motion. Plaintiff ap-
peals. Affirmed.

*Thomas E. H. Black*, for plaintiffs.

*Ronald L. Greenberg* and *Samuel S. Greenberg*,
for defendant American Savings & Loan Associa-
tion.

Kelly, J. February 19, 1959, plaintiffs executed
and delivered to defendant American Savings &
Loan Association a mortgage on their jointly owned
Oakland county property.

Pursuant to the terms of the mortgage, plaintiffs'
default in payment resulted in an April, 1961, statu-
tory foreclosure by advertisement and a public sale
and sheriff's deed to defendant association.

After the period of redemption had expired, the circuit court commissioner entered a judgment of possession against plaintiffs. No appeal was taken from the circuit court commissioner's judgment.

June 29, 1962, defendant Dahlerup, who was an Oakland county deputy sheriff, and defendant Radunz, an employee of defendant association, moved plaintiffs' furniture from the mortgage-foreclosed property to the street, changed the locks on the doors, and took possession.

July 3, 1962, plaintiffs filed *lis pendens* and a bill of complaint in the circuit court for the county of Oakland, in chancery, praying that the court compel the said defendants to "restore these plaintiffs to the exact status quo that they enjoyed previous to the said foreclosure, as attempted, and the said sheriff's deed as wrongfully executed and delivered."

In granting defendant's motion to dismiss the bill of complaint and *lis pendens,* the court, in a written opinion, stated:

"The defendant association moves to dismiss on the primary ground that the chancery court has no jurisdiction under these circumstances.

"[CL 1948, § 606.4 (Stat Ann § 27.545)] sets forth the jurisdiction of the circuit court in chancery. Section 4 provides as follows:

" 'To hear and determine suits instituted by any person claiming the legal or equitable title to lands, whether in possession or not, against any other person not in possession, setting up a claim thereto in opposition to the title claimed by the plaintiff.'

"The court has carefully reviewed the briefs submitted by counsel for respective parties, and has examined the authorities therein cited. The court is of the opinion that chancery jurisdiction does not obtain in this case under the circumstances set forth in the bill of complaint. The pleadings clearly establish that the defendant association was placed in pos-

session of the premises, and that the plaintiffs were evicted from the premises. Under these circumstances, the statute controls and the plaintiffs cannot proceed against the defendant association for the reason that the association is in possession.

"Plaintiffs may have adequate remedy at law in either ejectment or trespass, and also have actions for damages against the public officers if there is a violation of any public duty.

"The bill of complaint may be dismissed but without prejudice to the plaintiffs to pursue legal remedies."

In *Crawford* v. *Hamrick*, 327 Mich 591, 594, we said:

"A bill in chancery will not lie in favor of a claimant to title who is not in possession as against defendant in actual possession under a claim of title. See *Warner* v. *Noble*, 286 Mich 654; *Featherston* v. *Pontiac Township*, 310 Mich 129; *Brooks* v. *Michos*, 323 Mich 184.

"Plaintiffs in this case have an adequate remedy at law to establish their title as against defendants, if plaintiff can prove such title. * * *

"This statute (CL 1948, § 606.4 [Stat Ann § 27-.545]) defines the authority of the chancery court in the instant case.

"The trial court dismissed the bill. We affirm the decree dismissing the bill but without prejudice to plaintiffs to bring ejectment or trespass."

Appellants' contention that because some of their personal property remained in the house the statute would not apply cannot be sustained. As found by the lower court, the pleadings clearly establish that the defendant association was placed in physical possession of the premises and plaintiffs were physically evicted from the premises.

Plaintiffs were evicted under the circuit court commissioner's judgment of possession. Considering

plaintiffs' complaint that this judgment did not meet the requirements of law, we call attention to CLS 1956, § 630.24 (Stat Ann 1959 Cum Supp § 27.1998),* which reads in part:

"Either party conceiving himself aggrieved by the determination or judgment of the commissioner, or other officer, made or rendered under the provisions of this chapter, may appeal therefrom to the circuit court for the same county, within the same time, in the same manner, and return may be compelled, and the same proceedings shall be thereon had, as near as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace, and costs shall be awarded and collected in the circuit court in the same manner"

and, also, to *Richardson* v. *Richardson,* 309 Mich 336, 338, wherein we said:

"If, as it is now claimed, there were any procedural or statutory defects in the possessory proceedings, an appeal should have been taken from that judgment and it cannot now be attacked collaterally." (Referred to and approved in *Serafinski* v. *Rieg,* 317 Mich 534.)

Affirmed. Costs to appellees.

CARR, C. J., and DETHMERS, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred with KELLY, J.

KAVANAGH, J., concurred in result.

---

* For current provision see PA 1961, No 236, § 5670 (CLS 1961, § 600.5670 [Stat Ann 1962 Rev § 27A.5670]) and GCR 1963, 701–704.