GAYLORD *v.* STUART.

1. DIVORCE—CONNECTICUT DECREE—FULL FAITH AND CREDIT—ALI-
MONY—INCOME.

    A Connecticut decree of divorce awarding monthly payments of
alimony to wife to be paid "from the defendant's income"
is entitled to full faith and credit as construed by the Michigan
court, hence, where husband has any income from sources men-
tioned in the decree, he would be liable under such decree
notwithstanding he had no taxable income for Federal income
tax purposes (US Const, Art 4, § 1; Conn Stat 1949 Rev
§ 7335; Mich CL 1948, § 552.121 *et seq.*).

2. CONSTITUTIONAL LAW—FULL FAITH AND CREDIT.

    A final decree of the court of another State is accorded full
faith and credit in a court of this State as construed by the
court of this State (US Const, Art 4, § 1).

Appeal from Saginaw; Huff (Eugene Snow), J.
Submitted October 11, 1963. (Calendar No. 32,
Docket No. 49,844.) Decided January 6, 1964.

Action by Martha Gaylord against Clifford W.
Stuart for sums in default and due on alimony
granted in Connecticut divorce decree. Judgment
for plaintiff. Defendant appeals. Affirmed.

*Peter F. Cicinelli* and *Eugene D. Mossner,* for
plaintiff.

*Bauer, Williams & Smith (Albert A. Smith* and
*Robert L. Richardson, Jr.,* of counsel), for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Divorce and Separation § 972 *et seq.*
[2] 12 Am Jur, Constitutional Law §§ 702–709.

SOURIS, J.   This is an appeal from judgment for $8,400 in plaintiff's favor in her action for accrued and unpaid alimony due from defendant under the terms of a Connecticut divorce decree.   The Connecticut decree, entered in 1948, awarded plaintiff "alimony in the amount of $350 per month from this date through and including the month of June, 1949," and thereafter at the rate of $250 per month.   With plaintiff's consent, alimony on and after October 1, 1956, was reduced to $200 per month.

Defendant's claim on appeal is that alimony in Connecticut may be awarded only from "the husband's income, whether the same is derived from property already acquired or from his personal daily exertions or from both", as provided by the statutory law of Connecticut, 1949 Rev., § 7335,[*] and that during the period he failed to pay plaintiff alimony he had no income from which such alimony could be paid.   In addition to the Connecticut statute cited, defendant relies upon a stipulation of the parties incorporated into the divorce decree by which the parties agreed that the Connecticut decree would order "alimony [to] be paid to the plaintiff from the defendant's income" in the amounts and for the periods actually provided in the decree.

Defendant's contention is that the reference to "the husband's income" in the Connecticut statute means his net taxable income for Federal income tax purposes.   Defendant claims that since he had no net taxable income for Federal income tax purposes from 1958, when he stopped alimony payments to plaintiff, to date of trial, the trial court erred in awarding plaintiff judgment on the Connecticut decree's alimony provision.

---

[*] Gen Stat Conn 1958 Rev § 46–21.—REPORTER.

Defendant acknowledges there is no Connecticut case defining the term "income", as used in the statute, in the limited manner he urges upon us. Although a Connecticut court someday might find some merit in such a contention, we are not persuaded that we should anticipate such result. Were we construing a Michigan statute, we would require of our legislature more precise language than that used by Connecticut's to limit the meaning of income as defendant urges. It is not disputed that during the years here involved defendant received wages, cash dividends, interest, and capital gains from the sale of assets from which alimony payments could have been made notwithstanding that, for Federal income tax purposes, deductions, credits, and exclusions each year completely absorbed his net taxable income. So long as defendant received any income from such sources, he was bound by the Connecticut decree to pay plaintiff specified alimony therefrom. Until Connecticut's courts set aside or otherwise alter such decretal obligation, it remains entitled to our full faith and credit as we construe it. Article 4, § 1, United States Constitution. See *Stubbs* v. *Stubbs,* 290 Mich 473, and CL 1948, § 552.121 *et seq.* (Stat Ann 1957 Rev § 25.141 *et seq.*).

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.