McKAY v PALMER

Docket No. 99881. Submitted April 7, 1988, at Detroit. Decided July
    20, 1988. Leave to appeal applied for.

In July, 1975, eighty-eight-year-old Harold Palmer executed in
    Massachusetts a quitclaim deed conveying certain real property
    in Detroit to himself and Joseph McKay, his attorney, as joint
    tenants with rights of survivorship and not as tenants in
    common. In November, 1985, Moyer H., Hani, Mowfak and
    Adnan Najor purchased the property from Palmer, McKay and
    McKay's wife on a ten-year land contract. In 1981, Palmer
    executed a quitclaim deed conveying the Woodward Avenue
    property to his children, Winifred Croul and Marie, Harold,
    and Walter Palmer. Palmer also assigned his interest in the
    Najor land contract to his children. Palmer died in 1983.

    On September 18, 1984, McKay and his wife filed in the
    Wayne Circuit Court an action against Palmer's children and
    the Najors to quiet title and to compel an accounting by the
    Najors, who had been placing their land contract payments in
    an escrow account.

    In 1980, Palmer and his children filed an action against
    plaintiff in a Massachusetts superior court, apparently seeking
    an accounting as to certain of Palmer's real and personal
    property (including the instant property) which plaintiff alleg-
    edly wrongfully obtained. The Massachusetts court held that
    any interest McKay and his wife might have had in the land
    contract was void ab initio. After the Massachusetts judgment
    was entered, the Wayne Circuit Court, William J. Giovan, J.,
    granted summary disposition for defendants, giving the Massa-
    chusetts judgment full faith and credit. The McKays appealed.

    The Court of Appeals held:

    1. An adjudication of a foreign court of competent jurisdic-

REFERENCES

Am Jur 2d, Constitutional Law §§ 860 et seq.

Am Jur 2d, Equity § 72.

Am Jur 2d, Quieting Title and Determination of Adverse Claims
    §§ 2-7.

See the Index to Annotations under Equity; Full Faith and Credit;
    Quieting Title.

tion as to the right of the parties in property located in Michigan must be given full faith and credit to the extent those rights were before the foreign court. The court correctly gave the Massachusetts judgment full faith and credit.

2. Even if the Massachusetts judgment was not entitled to full faith and credit, plaintiffs were not entitled to quiet title because of the clean hands doctrine. A suit to quiet title is one in equity, not law.

Affirmed.

1. QUIETING TITLE — FOREIGN ADJUDICATIONS — FULL FAITH AND CREDIT.

An adjudication of a foreign court of competent jurisdiction as to the rights of the parties in property located in Michigan must be given full faith and credit to the extent those rights were before the foreign court.

2. QUIETING TITLE — EQUITY.

A suit to quiet title is one in equity, not law.

3. EQUITY — FRAUD.

A court of equity is not to be made an instrument of a wrong and it will not aid in the enforcement of an illegal or fraudulent agreement or transaction.

*Frank W. Cormack,* for plaintiffs.

*Clark, Klein & Beaumont* (by *Michael V. Kell* and *Lenora P. Ledwon*), for Winifred P. Croul.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

PER CURIAM. This is a quiet title action. Plaintiffs appeal as of right from an order granting summary disposition in favor of defendants. We affirm.

The real estate at issue, commercial property located on Woodward Avenue in Detroit, was originally owned by Harold Palmer, a Massachusetts resident. Plaintiff Joseph McKay was Palmer's Massachusetts attorney. In July, 1975, eighty-

* Circuit judge, sitting on the Court of Appeals by assignment.

eight-year-old Palmer executed in Massachusetts a quitclaim deed conveying the property to himself and plaintiff as joint tenants with rights of survivorship and not as tenants in common. In November, 1975, defendants Najor purchased the property from Palmer, plaintiff, and plaintiff's wife on a ten-year land contract. The whereabouts of the land contract proceeds is apparently largely unknown.

In 1981, Palmer executed a quitclaim deed conveying the Woodward Avenue property to his children, defendants Winifred Croul and Marie, Harold, and Walter Palmer. Palmer also assigned his interest in the Najor land contract to defendants. Palmer died in 1983.

On September 18, 1984, plaintiff and his wife filed in Wayne County the instant action to quiet title and to compel an accounting by the Najors, who had been placing their land contract payments in an escrow account.

In 1980, Palmer and defendants had filed an action against plaintiff in a Massachusetts superior court, apparently seeking an accounting as to certain of Palmer's real and personal property (including the instant property) which plaintiff allegedly wrongfully obtained. The case was referred to a master, whose findings were agreed to be final. The following year, plaintiff was disbarred from practice in Massachusetts. In 1985, the master submitted a report finding that plaintiff had committed gross violations of the canons of professional ethics and was guilty of gross overreaching in connection with Palmer's creation of a joint tenancy between himself and plaintiff in the Woodward Avenue property. On August 22, 1986, the Massachusetts superior court issued a judgment and order stating:

5. With respect to a Land Contract dated November 20, 1975 by and between Harold Palmer, Joseph P. McKay and Gloria McKay as Sellers and Mowfak H. Najor and Adnan H. Najor as Purchasers, which contract is recorded in the Wayne County Registry of Deeds, Detroit, Michigan at Liber 19271, Page 331, the Court orders that all sums due and owing under said Contract shall be paid directly to the Estate of Harold Palmer. No such payments shall be tendered to Joseph McKay or Gloria McKay nor are any payments due and owing to Joseph P. McKay or Gloria McKay.

\* \* \*

7. With respect to the Land Contract referred to in Paragraph 5 above, the Court further orders that any interest that Joseph P. McKay and Gloria McKay may have had by virtue of said Contract is hereby voided *ab initio* and the Court declares the Estate of Harold Palmer to be the sole holder of the mortgage indebtidness [sic] of the owners Mowfak H. Najor and Adnan H. Najor under said Contract.

After the Massachusetts order was entered, defendants filed a motion for summary disposition on the quiet title action, contending that the Massachusetts judgment was entitled to full faith and credit. Plaintiff, on the other hand, maintained that the Massachusetts judgment was of no effect because the courts of this state have exclusive jurisdiction over land situated in Michigan. The court granted defendants' motion, ruling:

It's one thing to say that the State of Michigan has jurisdiction over the land, it's quite another thing to say that—we can have jurisdiction over the land and still recognize the findings of foreign Court. Michigan—those are two separate questions. We have jurisdiction over the land because it's physically located here, but that doesn't mean that every judgment otherwise valid rendered in

any another [sic] state is to be disregarded simply because the land is located here.

The sole issue on appeal is whether the trial court erred in giving full faith and credit to a foreign judgment which determined the parties' interest in Michigan real estate. We conclude that the court did not err.

A final decree of a court of another state is accorded full faith and credit in a court of this state as construed by the courts of this state. US Const, art IV, § 1; *Gaylord v Stuart,* 372 Mich 216; 125 NW2d 485 (1964). An adjudication of a foreign court of competent jurisdiction as to the rights of the parties in property located in Michigan, if proved, must be given full faith and credit to the extent those rights were before the foreign court. *Niles v Lee,* 169 Mich 474; 135 NW 274 (1912).

In this case, after nine days of hearings, the Massachusetts master found that, due to plaintiff's violation of the canons of professional responsibility, the transaction creating his joint interest in the Woodward Avenue property was void ab initio and Palmer's estate should be declared sole owner of the property. The superior court agreed with and adopted the findings of the special master as to plaintiff's lack of interest in the Woodward Avenue property. Plaintiff stipulated that the facts as found by the master were to be final and did not challenge the Massachusetts court's jurisdiction over the termination of his interest in the Woodward Avenue property. Plaintiff gained his "interest" in the property by way of an indenture executed in Salem, Massachusetts. The Massachusetts court had jurisdiction over plaintiff and had the power to declare the transaction void. Thus, this foreign judgment on plaintiff's interest in property located in Michigan by a court of compe-

tent jurisdiction was properly given full faith and credit by the trial court. *Niles, supra.* In our opinion, the trial court did not err in granting defendants' motion for summary disposition.

Even if the foreign judgment on plaintiff's interest in the property was improperly given full faith and credit, we think that the doctrine of clean hands barred plaintiff from pursuing this action. A suit to quiet title or remove a cloud on a title is one in equity and not at law. MCL 600.2932; MSA 27A.2932; *Crawford v Hamrick,* 327 Mich 591; 42 NW2d 751 (1950). The "clean hands" doctrine applies to quiet title actions. *Birou v Thompson-Brown Co,* 67 Mich App 502; 241 NW2d 265 (1976), lv den 397 Mich 808 (1976). A court of equity is not to be made an instrument of a wrong and it will not aid in the enforcement of an illegal or fraudulent agreement or transaction. *Cook v Marks,* 302 Mich 55; 4 NW2d 465 (1942); 1 Callaghan's Michigan Pleading & Practice (2d ed), § 8.24, p 409.

Again, in this case, the Massachusetts master found that plaintiff had committed gross violations of the canons of professional ethics in acquiring an interest in the Woodward Avenue property. Plaintiff stipulated that these findings were final. As such, plaintiff comes with unclean hands seeking an equitable resolution of the cloud on the title to the Woodward Avenue property. Since courts of equity will not aid in the enforcement of an illegal or fraudulent transaction, summary disposition of plaintiff's suit was proper.

Affirmed.