TORAKIS v TORAKIS

Docket No. 141154. Submitted April 15, 1992, at Detroit. Decided May
    5, 1992, at 9:10 A.M. Leave to appeal sought.

Irene Torakis obtained a divorce judgment against Andrew To-
    rakis in the Wayne Circuit Court, which reserved the determi-
    nation of alimony for future consideration. Thirteen years
    later, the plaintiff petitioned for alimony and the court, Robert
    J. Colombo, Jr., J., awarded it. The defendant appealed.

    The Court of Appeals *held:*

    1. The petition for alimony was not barred by MCL
    600.5809(3); MSA 27A.5809(3), which sets a ten-year limitation
    period for the enforcement of an accrued noncontractual money
    obligation founded upon a divorce judgment. The statute of
    limitations does not apply to the plaintiff's petition because she
    was not seeking enforcement of an existing award of alimony,
    but modification of the judgment for an initial award of ali-
    mony.

    2. The trial court did not clearly err with respect to its
    factual findings in determining that the defendant had suffi-
    cient assets with which to pay alimony, and it did not abuse its
    discretion with respect to the amount of alimony awarded.

    3. The claim that the award of alimony forced the defendant
    to encumber or invade the corpus of assets he held jointly with
    others is without merit absent evidence that he actually mort-
    gaged or sold property in order to pay alimony.

    4. The defendant may not claim laches because there was no
    lack of diligence by the plaintiff and no prejudice to the
    defendant resulting from the delay in seeking alimony.

    Affirmed.

DIVORCE — ALIMONY — POSTJUDGMENT PETITIONS — LIMITATION OF
    ACTIONS.

    A petition for an initial award of alimony filed after the entry of
    a divorce judgment under which the issue of alimony was
    reserved for future consideration is not subject to the ten-year

REFERENCES

Am Jur 2d, Divorce and Separation § 760.
See the Index to Annotations under Alimony.

period of limitation for the enforcement of a money obligation founded upon a divorce judgment (MCL 600.5809[3]; MSA 27A.5809[3]).

*R. J. Jenkins,* for the plaintiff.

*George Platsis,* for the defendant.

Before: GRIBBS, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Defendant appeals as of right a postjudgment alimony award made thirteen years after the original judgment of divorce pursuant to a "reservation of alimony" clause in the original judgment.

The parties were married in 1953 and divorced in 1974. Plaintiff became unable to work in 1985, depleted her life savings, and filed a petition for alimony in 1987. The petition was brought pursuant to a provision in the original judgment stating: "The Court shall reserve the right to rule on alimony when a petition for same is submitted. The Court shall maintain jurisdiction to this end."

Extensive evidentiary hearings revealed that the sixty-four-year-old plaintiff was in poor health. She received approximately $157 a week, not including money she borrowed from her friends, and her expenses approximated $466 a week. The sixty-four-year-old defendant was semiretired from a job that paid $50,000 a year. He received $235 a month from a military pension and claimed $2,000 a month in shared rental income. He owned $190,000 in stock and received $135,000 from a lawsuit pending at the time of the divorce. He was also waiting until he reached the age of sixty-five to receive two other pensions. Plaintiff's attorney presented information that computed defendant's net income at $2,200 a week, including deprecia-

tion on his commercial properties, but excluding losses. On February 8, 1991, the trial court ordered defendant to pay plaintiff $200 a week in permanent alimony.

On appeal, defendant claims that plaintiff's claim is barred by the ten-year period of limitation applicable to enforcement of divorce judgments, MCL 600.5809(3); MSA 27A.5809(3). We disagree. The ten-year limitation period begins to run against each alimony installment when it becomes due. *Rybinski v Rybinski,* 333 Mich 592, 596; 53 NW2d 386 (1952); *Gabler v Woditsch,* 143 Mich App 709, 711; 372 NW2d 647 (1985). In the present case, alimony payments had not yet become due at the time of plaintiff's petition. Therefore, the ten-year period of limitation related to actions to enforce noncontractual money obligations had not yet begun to run on this unaccrued alimony claim. MCL 600.5809(1); MSA 27A.5809(1). An obligation to pay alimony may be modified where alimony was awarded or explicitly reserved as a possibility in the divorce judgment. *Copeland v Copeland,* 109 Mich App 683, 686; 311 NW2d 452 (1981). See also *McCoy v McCoy,* 317 Mich 478, 481; 27 NW2d 62 (1947). Because the plaintiff was seeking modification of the original judgment, the enforcement provision of MCL 600.5809(3); MSA 27A.5809(3) was not triggered. Plaintiff's petition for alimony was not barred.

Defendant also claims that the trial court's findings of fact were insufficient to facilitate appellate review of this case. This Court reviews findings of fact for clear error. *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990); *Beckett v Beckett,* 186 Mich App 151, 153; 463 NW2d 211 (1990). Although the trial court did not specifically articulate whether defendant's assets generated income to satisfy his alimony obligation, its findings were

based in part upon defendant's extensive property holdings. In addition, tax returns showed that defendant should readily be able to meet the alimony obligation. The trial court's factual findings were supported by the evidence and are not clearly erroneous.

Defendant next claims that plaintiff did not sustain her burden of proving his ability to pay and that the trial court's order to pay plaintiff $200 a week far exceeded his income. The award of alimony is in the trial court's discretion. *Pelton v Pelton,* 167 Mich App 22, 27; 421 NW2d 560 (1988). This Court reviews alimony orders de novo and will not modify an award unless it is convinced that, sitting in the trial court's position, it would have reached a different result. *Parrish v Parrish,* 138 Mich App 546, 553; 361 NW2d 366 (1984). In this case, the trial court reviewed extensive evidence and considered the required alimony factors. *Thames v Thames,* 191 Mich App 299, 308; 477 NW2d 496 (1991). Evidence presented by plaintiff indicated that defendant's weekly income is sufficient to pay the ordered amount. The trial court's findings are supported by the record and are not clearly erroneous.

Defendant next claims that he should not be compelled to encumber or invade the corpus of his joint assets in order to meet the alimony obligation. MCL 552.23; MSA 25.103 gives the court the authority to use real estate as the source of an alimony award. Income has been broadly interpreted to include capital gains from the sale of assets, and not just net taxable income for federal income tax purposes. *Gaylord v Stuart,* 372 Mich 216, 218; 125 NW2d 485 (1964). In dicta, this Court has indicated that a court could allow, but need not require, a party to invade the corpus of its assets to pay alimony. *Zecchin v Zecchin,* 149 Mich

App 723, 735; 386 NW2d 652 (1986). The main objective is to balance the incomes and needs of the parties in a way that would not impoverish either party. *Id.* The evidence presented indicated that plaintiff was close to impoverishment and defendant was well established, with many property holdings, two expected pensions, and other income. The trial court did not err in ruling that, despite defendant's claims of low net income, defendant had many other sources from which to pay alimony. The trial court did not require defendant to invade the corpus of his assets, nor did defendant present evidence that he would need to sell or mortgage properties to meet the alimony obligation. For these reasons, this issue lacks merit.

Defendant finally argues that plaintiff's claim is barred by laches. Unlike the statute of limitations, which is concerned with the time of the delay, the concern of laches is the effect of or prejudice caused by the delay. *Eberhard v Harper-Grace Hosps,* 179 Mich App 24, 38; 445 NW2d 469 (1989); *Lothian v Detroit,* 414 Mich 160, 168; 324 NW2d 9 (1982). A passage of time, prejudice to defendant, and lack of diligence by the plaintiff are essential prerequisites to invoking laches. *In re Crawford Estate,* 115 Mich App 19, 26; 320 NW2d 276 (1982). There is no basis for defendant's laches defense under these facts. Although there was a considerable length of time between the original judgment and the petition for alimony, plaintiff did not petition for alimony until she needed it, and defendant was not prejudiced.

Affirmed. Plaintiff may tax costs.